**ALAIMALO PEPINE HENRY PORTER, Appellant**

**v.**

**SIVIA SIVIA Jr., BEN FALEAFAGA, PEPA FUATA, and
UTU SINAGEGE R.M. for himself and the UTU FAMILY,
Appellees**

High Court of American Samoa
Appellate Division

AP No. 2-90

September 24, 1990

Before REES, Associate Justice.

Counsel: Appellant Porter pro se

The Court has received a letter from the daughter of the named appellant (who appears to have passed away several months ago) requesting "adequate time to seek new counsel wherein the transcripts can be corrected and certified." The letter was addressed to the Chief Justice, who served as trial judge in the case. Since the requested extension has to do with the pending appeal, the letter has been referred by the Chief Justice to the Appellate Division.

A request for enlargement of the time provided for any of the actions required to perfect an appeal should be made in the form of a motion, with copies served on adverse parties. *See* Appellate Court Rules 25(b), 26(b). This has not been done in the present case.

There is, moreover, a far more important problem with the request now before us. Appellate Court Rule 10(b)(1) requires in pertinent part that

> [w]ithin 10 days after receiving the reporter's or clerk's estimate the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary. The order shall be in writing and within the same period a copy shall be filed with the clerk of court and served on the appellee.

Rule 10(b)(4) further requires that "at the time of ordering, a party must deposit an amount of cash equal to the estimated cost with the reporters" and that "[c]ounsel must file a copy of the reporter's receipt with the clerk of court."

The reporter's certificate of the estimated transcript cost in the present case was filed on January 16, 1990. Appellant's order for transcript, deposit, and filing for the record of a copy of the reporter's receipt were therefore due by January 26. Neither the named appellant nor the present petitioner---whom the trial court found to have replaced her father as the real party in interest by the time of trial, and who therefore should have been named as appellant---filed the required order, deposit, or copy of receipt by January 26. Nor, indeed, has any of these acts been done up to the present time. Aside from a recent request from her counsel to withdraw from further representation, the letter we have just received is the first official or quasi-official communication the Court has received from the appellant since notice of appeal was filed over eight months ago.

If appellant had followed the rules, the transcript would have been filed by February 25, and appellant's brief would have been due in mid-April. The appeal would therefore have been ready to be heard at the next regular session of the Appellate Division, now tentatively scheduled for the week of October 29, 1990.

Since appellant did not follow the rules and therefore has not perfected her appeal, the appeal is subject to dismissal at the discretion of the Appellate Division. *See* Appellate Court Rule 10(b)(5). The usual practice in the High Court has been to dismiss overdue unperfected appeals at the next regular session of the Appellate Division.

The situation is complicated, however, by the fact that appellant appears recently to have made her own private, off-the-record arrangement with a court reporter for the production of a transcript. According to information provided to the Court by the court reporter in question, this request was made about a month ago, which is about seven months after the expiration of the deadline. No motion for an extension of the January 26 deadline was made to the Court, either before or after its expiration, as would have been necessary in order to allow the production of a transcript as part of the official record on appeal. *See* Appellate Court Rules 10(b)(1), 11(a), 26(b). Nor was any written request for a transcript made to the court reporter, as required by Rule 10(b)(1). The verbal request was made directly to the court reporter by appellant herself, although appellant was then represented by counsel. The reporter, without consulting the court rules and without thinking to consult a judge or the Clerk of the High Court, agreed to produce the requested transcript. It was finished last Thursday, September 20. It is this unofficial transcript which appellant now alleges to contain many errors.

Although it might be within the Court's power to construe the present letter as a retroactive motion for extension of the time in which to request a transcript and to grant such an extension, it is not at all clear that this would serve the interests of justice. If appellant had requested an extension on or around the January 26 deadline, she might well have been given an extension of a month or two, but an extension of eight months or longer would almost certainly have been deemed unfair to the other parties. This is especially true since the effect of such an extension would be to delay the hearing of the appeal until the 1991 session of the Appellate Division, which will probably be held almost two years after the trial. Although appellant appeals to the Court by reference to family tragedies and attendant financial difficulties, we are not told why her counsel did not request an extension on these grounds in January.

The entire file in the present appeal, including the appellant's recent letter, will be referred to the full Appellate Division at its upcoming session. The Appellate Division can then consider whether to dismiss the appeal, to grant the appellant an extension, or to make such

other order as it may deem appropriate. Counsel for each of the appellees is directed to file any response with the Court (and to serve copies on all other parties) no later than October 15, 1990. Appellant or her new counsel, if any, may also file any further pleadings with reference to this matter (and serve copies on all other parties) no later than October 15.

It is so ordered.